HARRY E. DOUGLASS, Appellant, v. SIOUX CITY RAILWAY COMPANY, Appellant; CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Defendant.

1   Joint tort. Where a tort is committed by several, jointly, recovery may be had of either.

2   Practice. INSTRUCTION PROPERLY REFUSED which ignores the rule that carriers must use the highest degree of care.

3   Instruction held applicable to and warranted by evidence.

*Appeal from Woodbury District Court.*—HON. GEORGE
W. WAKEFIELD, Judge.

### WEDNESDAY, MAY 16, 1894.

ACTION for damages for personal injuries. Trial
to jury. Verdict and judgment for plaintiff, and the
defendant street railway company appeals.—*Affirmed.*

*Wright, Hubbard & Yeomans* for appellant.

*Argo, McDuffie & Argo* for appellee.

KINNE, J.—I. From this record it appears that
the appellant was, on January 20, 1891, operating a
street railway, by means of electricity, in the city of
Sioux City, Iowa. On that date plaintiff took passage
on one of its cars at Morning Side to be transported
to the business part of the city. When said car
reached Second street, at the intersection of Stuben
street, a train of cars belonging to the defendant, the
Chicago, Milwaukee & St. Paul Railway Company,
with an engine attached, was standing upon the cross-
ing. The street car approached within a few feet
of said train, and stopped. Said railway train was
then opened, whereupon said street car was moved
forward until it came to another track of said rail-
way, and when on said track, it was struck by an
engine of the defendant railway company, which
was moving along thereon. Immediately prior to
said collision, and while the same was imminent, the
plaintiff, to avoid injury, attempted to get out of said
street car, and in so doing received severe and per-
manent injuries, to recover for which this action is
brought. It is charged that said street railway com-
pany was negligent in moving said car forward into a
place of danger, that its servants did not look or listen
or take other precautions against trains on said railway

track, and that plaintiff was without negligence contributing to the accident. The defendant, the street railway company, admitted it was operating a railway, and carrying passengers; that at the time of the collision plaintiff was a passenger on its car; and denied all other allegations in the petition. The cause was tried as between plaintiff and the street railway company alone, and from a verdict for plaintiff said defendant appealed. The petition joined the Chicago, Milwaukee & St. Paul Railway Company as a defendant, and also charged that the accident was due to its negligence.

II. It is contended that the evidence shows that the accident was entirely due to the negligence of the railroad company. We can not accede to this claim. The evidence was abundant to warrant the jury in finding that the appellant company was also guilty of negligence which contributed to produce the result. If the tort was a joint one on part of both defendants, then recovery might be had of either. This was the view taken by the trial court, and we do not understand it to be seriously controverted by appellant, and hence need not cite authorities.

III. It is said that the court erred in not giving to the jury the third instruction asked. This instruction ignored the fact that the law requires of carriers of passengers the exercise of the highest degree of care in protecting their persons from injury, and hence, was properly refused.

IV. In the fourth instruction given to the jury it was told that it was for it "to say from all the evidence before them, whether, under the circumstances of this particular case, defendant's conductor should have gone over in advance of the car." It is said that by this instruction the jury were, in effect, told that there was no evidence that the conductor did cross the railway tracks in advance of the street car. It does not appear from the evidence

that the conductor went further than across the track which had been vacated by the freight train, and up to the track on which the engine was moving which afterward struck the car.   Now, the evidence showed without conflict that there were several railroad tracks other than those of the Milwaukee Company to be crossed by the street car at this point.   There is no claim that the conductor crossed more than one track in advance of his car.   Under these circumstances the application of the charge to the evidence is obvious, and we do not think it was misleading or prejudicial, even if erroneous.   We discover in the entire record no error which could have worked to the defendant street railway company's prejudice.   The judgment below must be AFFIRMED.